IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AMY SPANGLER, | No. 2:16-CV-00090-SU |
| Plaintiff, | OPINION & ORDER |
| v. | |
| CITY OF MONUMENT, WILLIAM RAY TURNER, PAT McCARY, and NICHOLAS DEVINE | |
| Defendants. | |

Beth Creighton
Michael Rose
Creighton & Rose, PC
300 Powers Building
65 S.W. Yamhill Street
Portland, Oregon 97204

1- OPINION & ORDER

    Attorneys for Plaintiff

Steven Kraemer
Leslie Lopez
Kraemer, Lopez & Lewis
P.O. Box 1469
Lake Oswego, Oregon 97035

    Attorneys for Defendants City of Monument and Pat McCary

HERNÁNDEZ, District Judge:

Magistrate Judge Patricia Sullivan issued a Findings and Recommendation ("F&R") on August 17, 2017, recommending that the Court grant in part Defendants City of Monument ("City") and Pat McCary's motion to dismiss and grant their request for judicial notice. *See* F&R, ECF 80. Plaintiff has timely filed objections to the F&R. *See* Pl.'s Objs., ECF 83. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). After reviewing the F&R, the parties' briefs, the record in this case, and the relevant law, the Court adopts the F&R in part with modifications. The Court finds no basis to modify those portions of the F&R to which the parties did not object.

## BACKGROUND

Detailed recitations of this case's factual and procedural backgrounds can be found in the F&R and the Court will not repeat them here. *See* F&R 2–4. In sum, Plaintiff, a former City employee, brings employment discrimination and civil rights claims under federal and Oregon state law against: the City of Monument; City Councilors McCary, William Ray Turner; and McCary's son Nicholas Devine. Plaintiff's Amended Complaint alleges the following six claims:

1. hostile work environment based on sexual harassment under 42 U.S.C. § 1983 against Turner;

2. First Amendment retaliation under 42 U.S.C. § 1983 against Turner and McCary;

2- OPINION & ORDER

3. "Sex Discrimination/Sexual Harassment" under Or. Rev. Stat. ("O.R.S.") § 659A.030(b) against the City;

4. retaliation for whistleblowing under O.R.S. 659A.030(f), 659A.199, and 659A.203 against the City, McCary, and Devine;

5. interference with economic relations under Oregon law against Turner; and

6. injunctive relief against all Defendants.

Am. Compl. ¶¶ 36–69, ECF 29. Defendants City and McCary moved to dismiss claims for relief 2, 3, 4, and 6. Magistrate Judge Sullivan recommended, in relevant part, the following dispositions of Defendants' Motion:

2. dismiss for failure to state a claim with leave to amend;

3. dismiss time-barred factual allegations and dismiss the claim for failure to state a claim with leave to amend;

4. dismiss time-barred factual allegations and dismiss the claim for failure to state a claim with leave to amend; and

6. dismiss with prejudice.

Additionally, the F&R recommends deferring judgment on an issue of Oregon statutory interpretation that was previously certified to the Oregon Supreme Court. *See* F&R 22. Lastly, the F&R recommends granting Defendants' request for judicial notice of Plaintiff's complaint with the Oregon Bureau of Labor and Industries ("BOLI") and of BOLI's subsequent "Notice of Right to File a Civil Suit." *See* Defs.' Req. Judicial Notice, ECF 36. Plaintiff objects to the F&R on several grounds.

## STANDARD

When a party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir.

2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Plaintiff objects to the F&R's recommendations with respect to three of her claims for relief. Regarding Plaintiff's First Amendment retaliation claim against Turner and McCary, the F&R found that Plaintiff had not sufficiently alleged that McCary was personally involved in any adverse employment action and that McCary's other harassing conduct did not amount to an adverse employment action. Plaintiff objects to both of those findings. With respect to Plaintiff's "Sex Discrimination/Sexual Harassment" claim against the City, the F&R recommends dismissing factual allegations of discrete instances of discrimination that occurred outside the limitations period. The F&R also recommends dismissing the claim because Plaintiff failed to properly allege that the City was vicariously liable for Turner's alleged conduct as a City councilor. Plaintiff does not object to the F&R's statute of limitations recommendation; however, Plaintiff does contend that the City can be held liable for Turner's conduct under multiple theories. Lastly, as to Plaintiff's retaliation for whistleblowing claim against City, McCary, and Devine, the F&R found that certain factual allegations were time-barred because they were either absent from the BOLI Complaint or supported Plaintiff's O.R.S. 659A.203 claim that was not entitled to equitable tolling. Plaintiff objects to the F&R disposition of the O.R.S. 659A.203 issue.

The parties dispute also whether Plaintiff can bring retaliation for whistleblowing claims against a public employer under both O.R.S. 659A.199 and 659A.203. Plaintiff maintains that both statutes can support claims against a public employer. Defendants, by contrast, contend that

O.R.S. 659A.199 applies only to private employers while O.R.S. § 659A.203 applies only to public employers. The F&R deferred ruling on the issue pending its resolution as a certified question before the Oregon Supreme Court.

I. **Second Claim for Relief: 42 U.S.C. § 1983 First Amendment Retaliation Against Turner and McCary**

As outlined above, the F&R recommends dismissing Plaintiff's second claim for relief on two grounds. First, the F&R found that Plaintiff had failed to allege that McCary was personally involved in the City's adverse employment actions including: putting Plaintiff on administrative leave; reverting her back to probationary status; reducing her hours and pay; giving her unprecedented verbal and written warnings; and giving her an unwarranted sub-par performance review. Am. Compl. ¶¶ 25–29. Second, the F&R found that Plaintiff's other allegations against McCary did not amount to an adverse employment decision. For example, McCary allegedly made obscene gestures and yelled obscenities at Plaintiff, sped past her house, and shined a flashing red light into the window of her home. *Id.* at ¶ 23.

In response to the F&R's first finding, Plaintiff argues that by alleging that McCary was a City councilor, she sufficiently alleged his personal involvement in adverse employment actions taken by the City. The Court is not persuaded by this argument and adopts the F&R's recommended disposition of this issue. A review of the Amended Complaint shows that Plaintiff did not allege that McCary was personally involved in any of the adverse employment actions at issue. *Id.* at ¶¶ 19, 25–27, 29. Instead, Plaintiff alleged that another City councilor, Dorothy Jordan, put Plaintiff on administrative leave. *Id.* The remainder of Plaintiff's claimed adverse employment actions were alleged only against the City without naming any specific City councilor. *Id.* Therefore, Magistrate Judge Sullivan did not err in determining that these actions cannot sustain a § 1983 retaliation claim against McCary.

Next, Plaintiff objects to the F&R's finding that McCary's harassing conduct did not amount to an adverse employment action. Plaintiff alleged the following:

> After the stalking order against Defendant Turner was in place, Defendants McCary and Devine started their retaliatory campaign of intimidation and/or harassment against Plaintiff Spangler and her family that includes, but is not limited to the following:
>
> a) making obscene gestures towards Plaintiff Spangler;
>
> b) speeding past her house;
>
> c) glaring at her whenever they passed her house;
>
> d) spying on her;
>
> e) McCary sticking her tongue out while driving past Plaintiff Spangler's house;
>
> f) shining a flashing red light into the windows of Plaintiff Spangler's home; and
>
> g) subjecting her to a barrage of obscenities and profanities whenever Plaintiff Spangler leaves the house.

*Id.* at ¶ 23. In the context of retaliation claims, the Ninth Circuit has adopted the EEOC's definition of "adverse employment action" to mean "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242–43 (9th Cir. 2000) (quoting EEOC Compliance Manual Section 8, "Retaliation," ¶ 8008 (1998)). Minor acts such as "bad-mouthing" cannot support an adverse employment action. *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003). "An employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63–64 (2006).

First Amendment retaliation claims do not require that the adverse employment action affect the terms and conditions of employment. Rather, as the Supreme Court announced in *Burlington*, employer conduct outside the workplace may be sufficiently adverse if it would dissuade a reasonable employee from engaging in a protected activity. *Id.* Under the Rule 12(b)(6) standard, Plaintiff has alleged sufficient facts to make her First Amendment retaliation claim against McCary plausible. A reasonable juror could conclude that an employee would be dissuaded from engaging in protected speech if her superior engaged in the harassing conduct that Plaintiff alleges against McCary. When considered in the aggregate, speeding by her house, yelling curses and threats at her, and shining lights into her home could all serve to dissuade Plaintiff, or a reasonable employee in her position, from engaging in protected speech. Therefore, Defendants' motion to dismiss Plaintiff's second claim for relief is denied.

## II. Third Claim for Relief: O.R.S. § 659A.030(b) Sex Discrimination/Sexual Harassment Against City

The F&R recommends that the Court dismiss this claim to the extent that it is based on allegations of discrete instances of discrimination that occurred outside the limitations period. Plaintiff does not object to this recommendation and the Court finds that it contains no legal error. Accordingly, the Court adopts the F&R's resolution of this issue and Defendants' motion is granted with respect to time-barred factual allegations.

Plaintiff objects to the F&R's recommendation to dismiss this claim for failure to state a claim. The F&R found that Plaintiff had failed to sufficiently allege the elements of her sex discrimination claim and that she did not sufficiently allege sexual harassment against the City based on Turner's conduct. After reviewing Plaintiff's objections, the Amended Complaint, and the relevant law, the Court concludes that the F&R's finding that Plaintiff has not pled the elements of her sex discrimination claim against the City was without error. Accordingly,

7- OPINION & ORDER

Plaintiff's third claim for relief is dismissed with leave to amend. However, the Court declines to adopt the F&R's reasoning with respect to the issue of whether Plaintiff properly pled that City was liable for Turner's conduct.

Turner, as an elected official, is not considered an "employee" whose conduct could be imputed to City. *See Wilson v. Oregon*, No. 3:11-cv-01061-PK, 2013 WL 6196983, at *16 (D. Or. Nov. 27, 2013); *Colby v. Coos Cty.*, No. 11-cv-6241-HO, 2012 WL 273072, at *3 (D. Or. Jan. 30, 2012); *Young v. State*, 177 Or. App. 295, 299–303, 33 P.3d 995, 996 (2001). Turner's status as a non-employee, however, does not end the inquiry. "In this circuit, employers are liable for harassing conduct by non-employees 'where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 968 (9th Cir. 2002) (quoting *Folkerson v. Circus Circus Enters., Inc.*, 107 F.3d 754, 756 (9th Cir. 1997)). The City may be held liable where its agents or supervisory employees knew or should have known of Turner's conduct and failed to take immediate and appropriate supervisory action. *Id.*; 29 C.F.R. § 1604.11(e).

Here, Plaintiff has sufficiently pled that the City ratified or acquiesced in Turner's conduct. Plaintiff alleged that she read a letter to the City Council at a public meeting to report Turner's conduct and "[d]espite Plaintiff's plea to the City Council, the City Council members did nothing and Defendant Turner's harassment continued." Am. Compl. ¶ 21. Plaintiff further alleged that another City Councilor, McCary, harassed her in response to her complaints. *Id.* at ¶ 23. In addition, the City cut her hours and pay, reverted her to probationary status, and issued allegedly unwarranted warnings and an adverse performance review. *Id.* at ¶¶ 25–29. Ultimately, Plaintiff resigned from her position based in part on "the City's refusal to prevent and protect her

from the harassing and intimidating conduct[.]" *Id.* at ¶ 31. Based on these allegations, the Court finds that Plaintiff has sufficiently pled that the City ratified or acquiesced in Turner's alleged harassment.

Plaintiff also objects to the F&R's alternative finding that she insufficiently plead that Turner was acting within the scope of his duties as a City councilor when he harassed her. Pursuant to O.R.S. § 30.265(3) a public body, such as the City, may be held liable for the torts of its "officers, employees and agents acting within the scope of their employment or duties[.]" The "scope of duties" inquiry is the same as the "scope of employment" inquiry. *Johnson v. Or. State Bd. of Higher Educ.*, 272 Or. App. 710, 716–17, 358 P.3d 307, 3011 (2015). Three requirements must be met to determine whether an act occurred within the scope of employment or duties: "(1) the act must occur substantially within the time and space limits authorized by the employment; (2) the employee must be motivated, at least in part, by a purpose to serve the employer, and (3) the act must be of a kind which the employee was hired to perform." *Brocato v. City of Baker City*, No. 2:10CV592-SU, 2012 WL 1085493, at *8–9 (D. Or. Jan. 4, 2012), *report and recommendation adopted*, No. 2:10-CV-00592-SU, 2012 WL 1079805 (D. Or. Mar. 30, 2012) (citing *Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404, 405 (1988)). The "focus of this inquiry" is not on whether Turner acted in the City's best interest, rather; "the dispositive question is whether the statements resulted from or were the outgrowth of [Turner's] employment duties." *Id.* at 9 (citing *Harris v. Pameco Corp.*, 170 Or. App. 164, 173, 12 P.3d 524, 530 (2000)).

Plaintiff alleged that "[s]hortly after [she] began working for the City . . . Turner began tormenting her at the transfer station, making sexually harassing statement" to her. Am. Compl. ¶ 11. She further alleged that he did so while acting within the scope of his duties as a City

councilor. *Id.* at ¶ 48. Specifically, Plaintiff claims that on multiple occasions Turner came to the City-owned dump transfer station "when he had no garbage to dump, just to 'check up on' Plaintiff, often blowing her kisses upon arrival and departing and calling her 'Sweetie.'" *Id.* at ¶ 12. Turner also allegedly came to Plaintiff's house "on several occasions using the guise of City business, propositioning her and making offensive comments to her while he was there." *Id.* at ¶ 13. When accepting Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the Court concludes that she has plausibly pled that Turner was acting within the scope of his duties as a City councilor when he engaged in the alleged actions.

In sum, the Court adopts the F&R's recommendation to dismiss Plaintiff's third claim for relief with leave to amend so Plaintiff may plead the elements of a sex discrimination claim and the Court declines to adopt the F&R's finding that Plaintiff insufficiently pled the elements necessary to establish the City's liability for Turner's alleged actions.

**III.     Fourth Claim for Relief: O.R.S. 659A.030(f), 659A.199, and 659A.203, Retaliation for Whistleblowing Against the City, McCary, and Devine**

Defendants argue that this claim is time-barred and that Plaintiff has failed to properly state a claim under any of these sections. The F&R recommends dismissing time-barred allegations supporting her claim brought under O.R.S. 659A.203. The F&R also recommends denying Defendants' motion to dismiss Plaintiff's claim under 659A.030(f). Lastly, the F&R deferred issuing a recommendation on the question of whether O.R.S. 659A.199 is applicable to public employers. Plaintiff objects to the F&R's recommendations to dismiss this claim.

*A.     Statute of Limitations*

Each of the statutory provisions that Plaintiff cited is subject to a one-year statute of limitations. O.R.S. 659A.875(1) and 659A.885(2). Under Oregon law, actions "alleging an unlawful employment practice must be commenced within one year after the occurrence of the

unlawful employment practice[.]" O.R.S. 659A.875(1). If, during that one-year period, a plaintiff files a BOLI complaint, then the statute of limitations tolls and the plaintiff must file a civil action within 90 days of BOLI mailing a right-to-sue letter to the plaintiff. O.R.S. 659A.875(2). "After filing a complaint with [BOLI], an aggrieved person may file a civil action in state or federal court alleging the *same matters* as those alleged in the complaint." Or. Admin. R. ("O.A.R.") 839-003-0020(3) (emphasis added).

The issue is whether the factual allegations supporting Plaintiff's O.R.S. 659A.203 claim alleged in her civil complaint constitute the "same matter" as the allegations raised in her BOLI Complaint. In Plaintiff's BOLI Complaint, she cited only to O.R.S. 659A.030(1)(f) and 659A.199, but she did not cite to O.R.S. 659A.203. As the F&R recognized, Plaintiff's factual allegations alleged in support of her claims raised in her BOLI Complaint are entitled to tolling. Accordingly, factual allegations supporting her claims brought under O.R.S. 659A.030(1)(f) and 659A.119 occurring after December 1, 2013, one year before her BOLI Complaint was filed, are not time-barred.

Plaintiff argues that the factual allegations alleged in her BOLI Complaint and those alleged in her civil action in support of her O.R.S. 659A.203 claim are the "same matters." The Court disagrees and adopts the F&R's recommendation to grant Defendants' motion. *See* F&R 19. The term "same matters" refers to "the asserted causes of action, not the underlying facts." F&R 11 (citing *Hubbard v. Bimbo Bakeries USA, Inc.*, No. CIV 06-43-JE, 2006 WL 2863222, at *7 (D. Or. Oct. 4, 2006) *aff'd*, No. 06-35981, 2008 WL 740307 (9th Cir. 2008)). In *Hubbard*, the Ninth Circuit affirmed the district court's conclusion that the plaintiff's administrative complaint and state civil action were not based on the "same matters" because they alleged different causes of action. 2008 WL 740307, at *1. Here too, Plaintiff's BOLI Complaint and civil action invoke

different causes of action and are not based on the "same matters" within the meaning of O.A.R. 839-003-0020(3).

## B.     *Failure to State a Claim*

Plaintiff bases her whistleblower claim on both O.R.S. 659A.199 and 659A.203. The parties dispute whether O.R.S. 659A.199 is applicable to public employers. Defendants maintain that O.R.S. 659A.203 applies only to public employers while 659A.199 applies only to private employers. The parties fully briefed this issue and Plaintiff submitted a supplemental brief on the matter. The F&R deferred ruling on the basis the question had been certified to the Oregon Supreme Court in *Williamson v. Department of Corrections*, No. 6:16-cv-00783-MC (D. Or. Feb. 7, 2017). Since the F&R was issued, the Oregon Supreme Court has declined the invitation to answer the certified question because the parties in *Williamson* had settled and the court determined that any answer that it may give would be advisory. *Williamson v. Dept. of Corr.*, 362 Or. 34, 35, 403 P.3d 776 (mem) (Oct. 19, 2017). Given that the issue is fully briefed and ripe for adjudication, the Court modifies the F&R to address the question *de novo*.

O.R.S. 659A.199 prohibits employers from retaliating against employees who report potentially unlawful activity. O.R.S. 659A.199(a) (prohibiting employers from retaliating against an employee who has "in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation"). Although the text of the statute does not address its applicability to public employers, several decisions from the District of Oregon have concluded that O.R.S. 659A.199 is limited to claims against private employers. *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1094-95 (D. Or. 2015) (discussing cases distinguishing O.R.S. 659A.203 and concluding based on the legislative history of O.R.S. 659A.199 that "ORS § 659A.199 does not apply to public employers"); *see also Vimegnon v.*

*Oregon Health & Sci. Univ.*, No. 3:16-CV-02304-HZ, 2017 WL 3429394, at *4 (D. Or. Aug. 8, 2017) (Hernández, J.) (following *Lindsey*). The Oregon Legislature has made clear that the City is a public entity. O.R.S 659A.001(4)(a), 659A.001(9)(b), 174.109, 174.116(1)(a). Thus, Plaintiff's claim brought under O.R.S. 659A.199 is dismissed with prejudice.[1]

## CONCLUSION

The Court ADOPTS the F&R [80] regarding Defendants' Motion to Dismiss [34] with respect to the recommendations to which Plaintiff did not file an objection. As to Plaintiff's second claim for relief, the Court DECLINES TO ADOPT the F&R's recommendation to dismiss the claim as against McCary. Regarding Plaintiff's third claim for relief, the Court ADOPTS the F&R's recommendation to dismiss the claim and grants leave to amend so Plaintiff may plead the elements of a sex discrimination claim. The Court DECLINES TO ADOPT the F&R's finding that Plaintiff insufficiently pled the elements necessary to establish the City's liability for Turner's alleged actions. As to Plaintiff's fourth claim for relief, the Court ADOPTS the F&R's recommendations regarding statute of limitations issues. The Court GRANTS Defendants' motion to dismiss Plaintiff's O.R.S. 659A.199 claim against the City with prejudice. Lastly, the Court ADOPTS the F&R with respect to Defendants' Request for Judicial Notice [36].

Dated this 21 day of December, 2017.

Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

---

[1] The Court notes, however, that its current reading of these statutes may not be applicable to future cases in light of a recent amendment to O.R.S. 659A.203. The statute was amended in 2016 to include a provision stating that "[t]he remedies provided by this section are in addition to any remedy provided to an employee under ORS 659A.199 or other remedy that may be available to an employee for the conduct alleged as a violation of this section." O.R.S. § 659A.203(3) (2017); 2016 Or. Laws Ch. 73, § 4 (H.B. 4067). That amendment was made effective as of January 1, 2017.